IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 24-cr-00320-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DERRICK PATRICK BERNARD,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for a Detention Hearing on November 14, 2024. Assistant United States Attorney Bryan Fields represented the government, and Attorney John Tatum represented the defendant. The government sought detention based on a serious risk of flight, and defense counsel did not contest detention, conceding that the defendant posed a serious risk of flight.[1]

    **Based on the factual findings as established herein, the Court has concluded that the case involves a serious risk of flight and, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.**

    The government has alleged that defendant committed the offenses of conspiracy under 18 U.S.C. §371 and using instrumentalities of interstate commerce to maliciously convey false information to intimidate someone by means of fire under 18 U.S.C. §844(e) and (2) [*see* Doc. 1]. This is not an offense covered by 18 U.S.C. §3142(f)(1). However, the government moved for detention under 18 U.S.C. §3142(f)(2)(A).

    To sustain a motion for detention under 18 U.S.C. §3142(f)(2)(A), the government must establish first that the case involves the defendant's "serious risk of flight." If that threshold has been met, then to detain the defendant, the government must establish that there is no condition or

---

[1] Under 18 U.S.C. §3142(f), the Detention Hearing may be reopened after a finding of detention, if the judicial officer "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community."

combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the appearance of the defendant as required.

The Court is mindful of the operative case law and the Bail Reform Act's clear instruction that detention is a last resort. The Supreme Court has echoed that very sentiment: "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;
> 
> (2) the weight of the evidence against the person;
> 
> (3) the history and characteristics of the person, including –
> 
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> 
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the Court has taken judicial notice of the Court's file, including the Indictment, the proffer made by government counsel, and the arguments of counsel. Significantly, the government asserts, and defendant does not contest, that defendant poses a serious risk of flight. The government proffered that the investigation demonstrated evidence from recorded phone calls involving defendant that would support defendant posing a serious risk of flight if released. The Court also notes that defendant has been convicted in El Paso County of Murder 1 (After Deliberation) and that he was sentenced on November 7, 2024, to life imprisonment, although the finality of that conviction on appeal/reconsideration is not clear.[2] The Court also has considered that defense counsel did not contest the defendant's detention and, in fact, requested that he be detained as it relates to the present case.

---

[2] Facing a severe sentence can provide support for an individual's risk of flight. *See United States v. Baker*, 349 F.Supp. 3d 1113, *1132-33 (D. N.M. 2018); *compare to United States v. Bryant*, 2024 WL 1827811, *3 (E.D. Ky. April 26, 2024) (defendant's custodial status should not be considered as a factor for risk of nonappearance).

Therefore, I find that the case involves a serious risk that defendant will flee and, by a preponderance of the evidence, that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required. Defendant, therefore, is remanded to the custody of the U.S. Marshal.

IT IS HEREBY ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 15th day of November, 2024.

By the Court:

S/*Timothy P. O'Hara*
Timothy P. O'Hara
United States Magistrate Judge