UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (DENVER)

UNITED STATES OF AMERICA,

        Plaintiff,        No. 1:24-cr-320-RMR

vs.        Hon. Regina M. Rodriguez
        Hon. Timothy P. O'Hara

ASHLEY DANIELLE BLACKCLOUD,

        Defendant.

## MOTION TO MODIFY BOND AND BRIEF IN SUPPORT WITH PROPOSED ORDER

Ashley Blackcloud requests the Court to modify bond to allow contact with her common-law spouse and co-defendant, Derrick Bernard. She makes this request pursuant to 18 U.S.C. § 3142(c)(3). Both Ms. Blackcloud, who has been released from custody with conditions, and Mr. Bernard, who is in custody, would like to have communication while the case is pending trial. The government objects to this request, except that "the government would not oppose modification of the bond to allow communication between Blackcloud and Bernard *in the presence (virtual or physical) of their attorneys*" per Assistant United States Attorney Bryan Fields.

Ms. Blackcloud, therefore, suggests that since the government is in agreement to attorney-monitored contact, that type of contact be authorized as soon as possible. But, Ms. Blackcloud would like the Court to consider her request for additional

contact.

At Ms. Blackcloud's first appearance on November 12, 2024, the Court authorized her release with certain conditions. At issue in this motion is condition 7(g) that she not have any contact with someone who is a victim or witness in this case. Bond, Doc. 17, Page2. The Court imposed the condition over Ms. Blackcloud's request that an exception be carved out for communication with Mr. Bernard, her common-law spouse and co-defendant. The government was concerned about potential obstruction if the two were permitted to have contact. The Court was concerned about authorizing contact without first ascertaining whether Mr. Bernard would consent to such contact.

Mr. Bernard has now made his first appearance and he is being detained pending trial. There are no release conditions applicable to him. The undersigned is informed by Mr. Bernard's lawyer and the government that Mr. Bernard expressed to the Court his desire to have contact with Ms. Blackcloud.

Mr. Bernard is housed at the Federal Detention Center (FDC) at FCI Englewood. The options for Ms. Blackcloud to communicate with Mr. Bernard at the FDC are: (1) in person in a visiting area; (2) by monitored and recorded phone calls; and, (3) by monitored email through the CorrLinks system. Mr. Bernard and Ms. Blackcloud have been a couple for three and one-half years. She considers him her husband under common-law. As the Court knows, Mr. Bernard was recently convicted in state court of a life offense and is serving sentence. Ms. Blackcloud has an immediate need to discuss several topics with Mr. Bernard, including the

disposition of his minor children who are in foster care, the operation of his business and the appeal of his state criminal conviction. More broadly, this is a stressful time for Ms. Blackcloud and Mr. Bernard in the face of these legal problems and she seeks emotional support from him, as well as to emotionally support him.

The offense alleged in the Indictment occurred over 18 months ago, in April 2023  There were search warrants executed shortly after the offense was alleged to have occurred, making the investigation known to both Ms. Blackcloud and Mr. Bernard. There were no restrictions on the ability of Ms. Blackcloud and Mr. Bernard to discuss this matter since April 2023, even though they knew it was under investigation. Many of their conversations since April 2023 have been monitored, in any event, due to Mr. Bernard's pretrial detention following his arrest on the aforementioned state charges earlier this year. We are unaware that there have been any specific complaints about potential obstruction as to this case. Also, Ms. Blackcloud was recently tried in state court on felony charges and was acquitted after a jury trial. Mr. Bernard was her co-defendant. The two were permitted to have contact pending the trial in that case, the only caveat being that they could not discuss that case where they were co-defendants. They followed that directive to the letter. There were no reports of problems.

The Court, of course, may at any time amend the order to impose additional or different conditions of release. We ask that it do so here and allow contact. The government evidently has theoretical concerns that Mr. Bernard and Ms. Blackcloud will hatch a plan to obstruct justice if they are able to have contact. Ms. Blackcloud

says that those concerns are unfounded and based on erroneous information and assumptions. She has no intent to obstruct justice and jeopardize her own release status or put herself or Mr. Bernard in further legal jeopardy. Moreover, email and phone calls would necessarily be monitored at the FDC. The Court is presumably familiar with the visiting area at the FDC. It is small and closely surveilled during visits.

WHERFORE, Ms. Blackcloud asks the Court to modify bond conditions to allow contact between her and Mr. Bernard.

Dated:   November 22, 2024

Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

s/ Britt M. Cobb
_____
Britt M. Cobb (P69556)
300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503

3570 E. 12th Avenue, Suite 200
Denver, Colorado 80206
(616) 458-2212
bmc@willeychamberlain.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (DENVER)

UNITED STATES OF AMERICA,

        Plaintiff,        No. 1:24-cr-320-RMR

vs.        Hon. Regina M. Rodriguez
        Hon. Timothy P. O'Hara

ASHLEY DANIELLE BLACKCLOUD,

        Defendant.

## ORDER RE: MOTION TO MODIFY BOND

This matter having come before the Court and the Court being fully advised hereby orders that the bond conditions are modified so that Ashley Blackcloud may have contact with Derrick Bernard as follows:

    \_\_\_\_\_    In Person visitation at the FDC

    \_\_\_\_\_    Telephone calls from the FDC

    \_\_\_\_\_    Emails through the CorrLinks system

    \_\_\_\_\_    The Court takes under advisement Ms. Blackcloud's request but immediately authorizes modification of the bond to allow communication in the presence (virtual or physical) of their attorneys.

DONE this \_\_\_\_ day of _____, 2024.

BY THE COURT:

_____
Hon. Regina M. Rodriguez
Hon. Timothy P. O'Hara