UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 1:24-CR-320-RMR
Hon. Regina M. Rodriguez

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

1. DERRICK PATRICK BERNARD, JR.,
2. ASHLEY DANIELLE BLACKCLOUD, and
3. DEANNA CRYSTAL WEST

          Defendants.

## JOINT UNOPPOSED MOTION
## FOR ENDS OF JUSTICE CONTINUANCE AND
## TO EXCLUDE 60 DAYS FROM SPEEDY TRIAL CLOCK

The defendants Derrick Patrick Bernard, Jr, Ashley Danielle Blackcloud, and Deanna Crystal West, through their respective attorneys, request the Court to exclude 60 days from the speedy trial clock (currently set to run January 21, 2025, 39 days remain) and continue the pretrial motions deadline (December 16, 2024), the trial preparation conference (January 14, 2025) and trial (January 21, 2025) for a period of 60 days. The government does not object. The parties respectfully request for a jury trial setting to commence on March 17, 2025. The defendants state as follows:

1.     Ms. Blackcloud made her initial appearance and counsel was appointed on November 12, 2024; Ms. West made her first appearance and was appointed counsel on November 13, 2024; and, Mr. Bernard made his first appearance and was appointed counsel on November 14, 2024. The first round of discovery was provided on November 25, 2024 and additional productions have been provided. We calculate that so far, 72 GB of material including 2731 files have been produced, including 476 audio and video files. It is quite a bit to go through and though counsel are diligently working to review it, review is not complete. Therefore, counsel are yet unable to make an informed decision about what, if any, pretrial motions must be filed for effective representation of their respective defendants nor be prepared for trial in January.

2.     The government does not oppose the requested continuance.

3.     Moreover, on December 10, 2024, Mr. Glover, counsel for Mr. Bernard, was set for a four-day jury retrial in *United States v. Mayberry,* Case No. 1:24-cr-00110-DDD, commencing January 27, 2025. The temporal proximity between that retrial and the instant matter's initial trial setting would preclude counsel from providing constitutionally effective assistance to either client without the requested continuance.

4.     Title 18 U.S.C. § 3161(h), provides in relevant part:

The following periods of delay shall be excluded…in computing the time within   which the trial of any such offense must commence:

…

> (7)(A)  Any period of delay resulting from a continuance granted by any judge…at the request of the defendant, or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18. U.S.C. §3161(h), (h)(7)(A).

5.   The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007) citing *Zedner v. United States*, 547 U.S. 489, 501 (2006). Certain periods of delay are excluded and do not count toward the speedy trial timeframes. *See* 18 U.S.C. §3161(h)(1)-(8). The Speedy Trial Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial" and "affords a trial court substantial

discretion to accommodate periods of delay to address the specific needs of a particular case." *Zedner,* at 499.

6. To qualify as an excludable ends of justice continuance under 18 U.S.C. §3161(h)(7)(A), certain prerequisites must be satisfied. The Court must consider certain factors listed in 18 U.S.C. §3161(h)(7)(B), *e.g.*:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; …

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex …would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit provided four factors a trial court should consider when evaluating whether a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because

of the court's denial of the continuance.

8.  The requested exclusion of time will allow counsel the time necessary to provide effective representation by thoroughly reviewing discovery and preparing pretrial motions, and for trial, if necessary. Counsel has been diligent in her preparation of the case, is not making the request for purposes of unnecessary delay and 60 days should be sufficient to review the discovery and formulate a strategy going forward.

WHEREFORE, the defendants, through counsel, jointly request the Court to exclude 60 days from the speedy trial calculation in this case and reschedule the motion filing deadline, as well as trial and the final trial preparation conference.

Respectfully Submitted,

Dated: December 13, 2024                s/ Britt M. Cobb

Britt Morton Cobb (P69556)
WILLEY & CHAMBERLAIN LLP
300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503
3570 E. 12th Avenue, Suite 200
Denver, Colorado 80206
(616) 458-2212
bmc@willeychamberlain.com
Attorney for Ashley Danielle Blackcloud

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant Deanna West

        s/ A. Tyrone Glover
_____

A. Tyrone Glover
TYRONE GLOVE LAW LLC
2590 Walnut Street
Denver, Colorado 80205
(303) 652-0468
tyrone@tyroneglover.com
Attorney for Derrick Patrick Bernard, Jr.

6