**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 24-cr-00320-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DERRICK PATRICK BERNARD, JR.,
2. ASHLEY DANIELLE BLACKCLOUD, and
3. DEANNA CRYSTAL WEST,

    Defendants.

---

**ORDER GRANTING JOINT UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL CLOCK**

---

    This matter is before the Court on Defendants Derrick Patrick Bernard, Jr, Ashley Danielle Blackcloud, and Deanna Crystal West's Joint Motion for An Ends of Justice Continuance and to Exclude 60 Days from the Speedy Trial Clock (ECF No. 60). The parties ask the Court to exclude 60 days from the speedy trial clock (currently set to run January 21, 2025, 39 days remain) and continue the pretrial motions deadline (December 16, 2024), the trial preparation conference (January 14, 2025) and trial (January 21, 2025) for a period of 60 days.

    The Defendants' motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States*

*v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See id.* § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

2

  (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

  After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

  The Defendants' motion describes the various factors that they believe necessitate the exclusion of an additional 60 days in this case, which the Court restates in pertinent part below. As procedural background, a two-count Indictment was filed on November 6, 2024, charging each Defendant with Conspiracy to Commit Offense or to Defraud United States, in violation of 18 U.S.C. § 371; and Using Instrumentalities of Interstate Commerce to Maliciously Convey False Information to Intimidate Someone by Means of Fire, in violation of 18 U.S.C. §§ 844(e). ECF No. 1. Defendant Blackcloud made her initial

3

appearance and was appointed counsel on November 12, 2024; Defendant West made her first appearance and was appointed counsel on November 13, 2024; and Defendant Bernard made his first appearance and was appointed counsel on November 14, 2024. ECF Nos. 13, 21, 30.

Counsel for Defendants state that the first round of discovery was provided on November 25, 2024, and additional productions have since been provided. Counsel calculate that so far, 72 GB of material including 2731 files have been produced, including 476 audio and video files. As a result, they note that it is quite a bit to go through and even though they are diligently working to review it, review is not complete. Therefore, counsel state they are unable to make an informed decision about what, if any, pretrial motions must be filed for effective representation of their respective defendant nor be prepared for trial in January. in addition, counsel for Defendant Bernard indicates that he was recently set for a 4-day criminal jury retrial commencing January 27, 2025, and that the temporal proximity between that retrial and the instant matter's initial trial setting would preclude counsel from providing constitutionally effective assistance to either client without the requested continuance.

Finally, counsel assert they are not making the request for purposes of unnecessary delay and that 60 days should provide them sufficient time to review the discovery and formulate a strategy going forward. Counsel also assert that the government does not object to the continuance.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial

proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendants' Joint Motion, at ECF No. 60, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from January 21, 2025, to March 22, 2025;**

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **5-day** jury trial is reset for **March 17, 2025**. The Trial Preparation Conference/Change of Plea Hearing is reset for **March 11, 2025, at 3:00 PM;**

(4) Defendants shall have to and including **February 10, 2025,** to file pretrial motions, and responses to these motions shall be filed by **February 24, 2025**. **If no motions are filed by February 10, 2025, the Court will deem Defendants to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **February 26, 2025**.

DATED: December 18, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge