IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00320-RMR

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. DERRICK PATRICK BBERANRD

Defendant.

---

**RESPONSE TO DEFENDANT'S OBJECTIONS TO INITIAL
PRESENTENCE INVESTIGATION REPORT**

---

The defendant filed his objection to the PSR on March 4, 2026.  ECF No. 333

("Def. Objections").  The government hereby files its response.

## I.   The Evidence Showed Beyond a Reasonable Doubt that the Defendant Intentionally Selected the Victim Because of his Race

The defendant  argues that the enhancement should not apply because there

was no animus towards the victim, citing *United States v. Patterson*, 119 F.4th 609

(9th Cir. 2024). Def. Objections at 4-6. The government disagrees. The Court should

decline to follow *Patterson* and should instead adopt the reasoning of *African

Embassies*, which is more consistent with Tenth Circuit and Supreme Court

precedent. *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93,

154 (2d Cir. 2008) ("*African Embassies*") (noting that the "underlying motivation"

behind a crime is "simply beside the point" if the defendant "intentionally selected

1

any victim" on the basis of a prohibited factor). And even if *Patterson* applies, the flip side of the argument that the defendant had no animus towards the black victim is that he *did* have animus towards his white rival: either way, this crime was committed "because of" the actual race of "any" person. U.S.S.G. § 3A.1.1.

*Patterson* began its analysis with the conclusion that the phrase "because of" is ambiguous, which led to a heavy reliance on extra-textual context clues. 119 F.4th at 612. To show ambiguity, the Ninth Circuit panel analogized to the Supreme Court's decision in *Dubin v. United States*, 599 U.S. 110 (2023), which construed a constellation of several terms in the aggravated identity theft statute. *Id.* at 613.

The Tenth Circuit agrees with the Ninth that the guidelines should be interpreted like statutes. *United States v. Nacchio*, 573 F.3d 1062, 1066 (10th Cir. 2009) ("We interpret the Sentencing Guidelines according to accepted rules of statutory construction.") (citation omitted). But analogizing to *Dubin*, which involved a text that did not have the phrase "because of" is an odd way to show ambiguity. Better is *Burrage v. United States*, 571 U.S. 204 (2014) which contains a lengthy analysis of what it means when a statute uses the phrase "because of" — not several unrelated terms — or *Bostock v. Clayton County, Georgia*, 590 U.S. 644 (2020). In both cases, the Supreme Court emphasized that the phrase "because of" is unambiguous and clear. "the ordinary meaning of 'because of' is 'by reason of' or 'on account of.'" *Bostock*, 590 U.S. at 644; *id.* at 674 (noting that "no ambiguity exists"

about how Title VII's "because of" language applies); *Burrage*, 571 U.S. at 889 (noting insistence on "but-for causality" when legislators use phrase "because of").

If the phrase "because of" was unambiguous in *Bostock* it is hard to see how the same phrase is ambiguous in the guidelines. That's especially true given that *Bostock* is not an outlier and was predicated on multiple cases interpreting that same phrase. *Bostock*, 590 at 656 (citing *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 350 (2013) and *Gross v. FBL Financial Services Inc.*, 557 U.S. 167, 176 (2009); *Burrage*, 571 U.S. at 212-13 (citing same cases). And if the phrase is unambiguous, then there is no need to resort to attenuated context clues like the title of the guideline provision, its purpose, or the anecdote of a 1998 district court case from New Jersey. *Patterson*, 119 F.4th at 613-614;*United States v. Goode*, 945 F.2d 1168, 1169 (10th Cir. 1991) ("When the terms of the statute are clear and unambiguous we need not resort to legislative history.").

A focus entirely on the text of U.S.S.G. § 3A1.1 results in application of the enhancement here. The guideline does not reference "motive" at all. Just as in *African Embassies*, "the enhancement does not turn on an evaluation of the considerations that motivated a defendant's decision to target victims based on their race, color, religion, or other enumerated characteristic." 552 F.3d at 154. This crime was transparently carried out "because of" race: no other explanation is consistent with the jury's conclusion that a burning cross targeting a black victim was a threat.

3

## II.    The Defendant was the organizer of this criminal plot to use a threat to obstruct an election

The evidence at trial showed that the defendant was the organizer of this crime.  Ms. West testified to it under oath. Trial Tr.  at 304, ECF No.  209 ("Q: Who go you involved in it? A: Phoenixx"); *id* at 213 ("Q: What was Phoenixx's role in the conspiracy? A: He was the lead on everything, director of how things were doing to be play out."); *Id.* at 327 ("Q: Who gave you instructions? A: Mainly Pheonixx, but through Trinity.").

Ms. West's testimony about the defendant's role was corroborated by contemporaneous text messages.  *See e.g.,* GX 6 (Text from defendant to Blackcloud before the cross-burning: "I'm just talk to you about a few plans"; GX 7 (Text from Bernard to victim in which he pretended to have knowledge that others were planning something: "I spoke with some of my friends in other places and theirs a plot amidst . . . I'm mobilizing my squadron in defense and for the final push. Black ops style big brother."); GX 8 (text from defendant to Blackcloud before the cross burning: "I can't let the klan retake the city . . . .I got a plan . . ."); GX 15 (text from defendant to friend morning after cross burning: "We rocked out fa [Victim 1]" and "I just got my phone back[.]"); GX 18 (text from defendant to a different friend the evening after the cross burning: "Sitting tight brudda. We put some work in last night (I'll tty in person bout that though"); GX 23 (text from Bernard to Blackcloud after news broadcasts about cross burning aired: "We got traction");    This is

4

corroborated by the defendant's text messages, which demonstrate his planning and organization of the scheme.

And lest there be any doubt, the tall tale the defendant told the jury firmly put himself at the center of the planning. Trial Tr. at 722, ECF No. 210 (calling himself the "ringer" when it came to his "actions in these situations" and "coming up with strategies and thinking about winning"). No matter how you spin it, this defendant admittedly took the lead on making the cross burning happen. *Id.* ("Q: You agreed to make this happen? A: I agreed to promote things happening that — promote what happened. Q: "Agreed to execute this cross burning? A: No. I didn't execute a cross burning. I agreed to push it across all platforms and ensure that the mass majority of the city and communities worldwide found out about it.").

The defendant was the leader of the conspiracy that perpetrated this crime, and his sentence should reflect this fact.

### III. The other factual objections are immaterial and should be ignored

The Court should rely on its own recollection of the entire trial over which it presided, as memorialized in the transcripts. The defendant's other objections do not affect the guideline calculation and can be ignored. Fed. R. Crim. P. 32(i)(3)(B).

## IV.    Conclusion

The Court should overrule the defendant's objections to the PSR.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

By: *s/Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: *s/Candyce Cline*
Candyce Cline
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Candyce.Cline@usdoj.gov
Attorney for the Government

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of March 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

<p style="margin-left: 50%;">
s/ <u><em>Bryan  Fields</em></u><br>
Bryan Fields<br>
Assistant United States Attorney<br>
1801 California Street, Suite 1600<br>
Denver, CO 80202<br>
Telephone 303-454-0100<br>
Facsimile 303-454-0402<br>
<u>Bryan.Fields3@usdoj.gov</u>
</p>